ROBERT L. BLAND, Judge,
dissenting.
The facts supporting this claim, for which an award is made by majority of the court, are set forth in the record prepared by the state road commission and filed in this court on September 9, 1948, as follows:
“On June 9, 1948, about 8:45 A. M., while crossing the Williamstown-Marietta bridge, a short loose board flew up under the car striking the right rear tire, cutting it in two.
“Concurrence by State Road Commission because it is our duty to maintain and keep the *182 bridges of highways in reasonably good repair and this we failed to do because of facts set forth in letter of District Engineer E. M. Cottle.”
The letter referred to reads as follows:
“Mr. Harry Bell
State Claims Agent
The State Road Commission
Charleston, West Virginia
Dear Mr. Bell:
I am transmitting herewith Form M-503-Revised, the Shortened Procedure Claim Form, which has been submitted to this office for further handling.
The claim in the amount of $19.81 covers damage due to cutting a tire in two on the car operated by Dr. A. R. Slidell, 200 Highland Avenue, Williamstown, West Virginia.
The other claim in the amount of $16.70 covers the claim of Elizabeth Young, Muskingum Drive, Marietta, Ohio.
It is my Recommendation that these claims be presented to the Court of Claims for consideration, due to the fact that the wooden floor on the Williamstown-Marietta Bridge has been, and still is, in very bad condition, due to the fact that the wooden stringers to which the transverse wooden floor is nailed have deteriorated to the point where they will no longer hold a nail when driven in same.
The State Road Commission awarded a contract for the erection of a new concrete steel grid floor on this bridge in 1947, but due to shortage of material the contractor has just started the work a few days ago., and according to the terms of his contract, it is entirely up to the contractor *183 to maintain traffic in a satisfactory matter until the contract is completed.
Very truly yours,
/s/ E. M. Cottle,
EMC:P District Engineer”
Respondent cites and relies upon the case of William G. Gantzer v. State Road Commission, 3 Ct. Claims (W. Va.) 221.
It may be observed before proceeding further that since a determination in that case was made by this court the Supreme Court of Appeals of West Virginia has decided the mandamus proceeding of Jacob F. Bennett v. State Auditor, in which the facts stated by the state road commission in support of a claim in which that agency had concurred were held to be insufficient to sustain an appropriation of public funds made by the Legislature; and, of course, this court is bound by that decision.
I cannot give my consent to the award made in the instant case. The facts relied upon do not in my judgment warrant an award of the public funds. The case is not strengthened or in any respect aided by respondent’s frank admission that concurrence by the state road commission is “because it is our duty to maintain and keep the bridges of highways in reasonably good repair and this we failed to do.” It does not appear from the records that the bridge was closed to travel or that it was not safe for use. As a matter of fact the determination of the claim in question is actually made by the state road commissioner and an assistant attorney general, and the award made is simply a ratification of their action. I am impressed with the fact that it is the duty of the road commission officials in the county in which the accident occurred to examine bridges from time to time and see that they are in condition for public use.
I respectfully record my dissent to the award made in favor of claimant.